PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1990 Buick Century Limited struck a hole while he was traveling on Route 40/8 in Wheeling, Ohio County. Route 10/8 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around 2:30 p.m. on February 6, 2004, a sunny day. Route 40/8 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Route 40/8 with traffic in both directions when his vehicle struck a hole. He stated that he could not really see the hole as it was filled with water, and due to this and all the traffic coming in the opposite direction, he was not able to avoid the hole. Mr. Pevavar stated that the hole was probably about eight inches deep and eighteen to twenty inches in circumference. Claimant’s vehicle struck the hole sustaining damage to the water pump and the right rear turn, totaling $399.54. Claimant’s insurance deductible was $100.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 40/8 at the site of the claimant’s accident for the date in question.
Mick Davis, a highway administrator 2 for the respondent in Ohio County, testified that he had no knowledge of any holes on Route 40/8 in Wheeling for the date in question. Mr. Davis testified that on two previous occasions, February 3, 2004, and February 5,2004, respondent had been out on Route 40/8 patching holes with cold mix. Mr. Davis also stated that crews for respondent had been out on snow removal and ice control in the days prior to claimant’s accident. Respondent maintains that it had no actual or constructive notice of any holes on Route 40/8 on the date of claimant’s accident.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
*196 In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the fact that respondent had been out twice previously in the same week to patch holes leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does malee an award to the claimant in this claim in the amount of $ 100.00.
Award of $100.00.